UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BRETT O. COLHOFF,<br><br>             Plaintiff,<br><br>   vs.<br><br>CAROLYN W. COLVIN, acting<br>Commissioner of Social Security,<br><br>             Defendant. | CIV. 13-5002-JLV<br><br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART MOTION FOR<br>EAJA FEES |

On March 20, 2014, the court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Brett Colhoff's application for benefits and (2) remanding the case for further administrative proceedings.   (Docket 28).   Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Mr. Colhoff, timely moved for an award of attorney's fees and expenses.   (Docket 32).   Mr. Colhoff seeks an award of $11,958.37 in attorney's fees and $717.50 in state and local sales tax.   (Docket 31-1 at p. 2).   The Commissioner opposes Mr. Colhoff's motion.   (Docket 33).   For the reasons stated below, the court grants in part and denies in part Mr. Colhoff's motion.

**DISCUSSION**

Under the EAJA, a court shall award to a prevailing party, other than the United States, fees and expenses[1] incurred in any civil action brought by or against the United States, "unless the court finds that the position of the United

---

[1]Fees and expenses include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ."   28 U.S.C. § 2412(d)(2)(A).

States was substantially justified or that special circumstances make an award unjust."   28 U.S.C. § 2412(d)(1)(A).   A party seeking such an award must comply with the following requirements: (1) the party must file an application for fees and expenses demonstrating the party is the prevailing party and is eligible to receive an award; (2) the party must submit the application within 30 days of final judgment in the case;[2] (3) the party must indicate the amount sought and provide an itemized statement in support; and (4) the party must allege the position of the United States was not substantially justified.   28 U.S.C. § 2412(d)(1)(B).   "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."   Id.

The court finds Mr. Colhoff fully complied with the requirements of the EAJA.   Mr. Colhoff is the prevailing party under the court's reversal and remand order and subsequent judgment.   (Dockets 28 & 29); see Larson v. Astrue, Civil No. 06-1734 PJS/FLN, 2008 WL 2705494, at *2 (D. Minn. July 9, 2008) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)) ("The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted.").   Mr. Colhoff filed his motion for fees and expenses well within the

---

[2]"The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."   U.S. E.E.O.C. v. Mid-Minnesota Fed. Credit Union, 820 F. Supp. 432, 434 (D. Minn. 1993) (quoting Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991)).   Under the Federal Rules of Appellate Procedure, a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity."   Fed. R. App. P. 4(a)(1)(B).

EAJA's 30-day window following the close of the appeal period.   (Docket 32).
His attorney, Ms. Ratliff, set forth the amount requested and properly provided
an itemized log detailing the actual time expended in this case.   (Dockets 31-2
and 32).

The heart of the parties' dispute centers around the fourth requirement of
the EAJA—whether the position of the United States was substantially justified.
The court notes the government at all times bears the burden of proving its
position was substantially justified.   Goad v. Barnhart, 398 F.3d 1021, 1025
(8th Cir. 2005).   A social security claimant may be the prevailing party for
purposes of the EAJA, yet still not be entitled to an award of fees if the
government's position was substantially justified.   "A position enjoys
substantial justification if it has a clearly reasonable basis in law and fact."   Id.
A loss on the merits by the government does not create a presumption that it
lacked substantial justification for its position.   Id.   This distinction is
explained as follows:

> The district court correctly recognized that "fees are not . . . awarded
> just because the Secretary [loses a] case."   The Secretary's position
> in denying benefits can be substantially justified even if the denial is
> unsupported by substantial evidence on the record as a whole.
> This is so because the substantial evidence and substantial
> justification standards are different.   Under the substantial
> evidence standard, the district court must consider evidence that
> both supports and detracts from the Secretary's position.   In
> contrast, under the substantial justification standard the district
> court only considers whether there is a reasonable basis in law and
> fact for the position taken by the Secretary.   Because the standards
> are "neither semantic nor legal equivalents," the Secretary can lose
> on the merits of the disability question and win on the application
> for attorney's fees.

Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (internal citations omitted).

The court finds the government cannot meet its burden of showing substantial justification for its position.   The government's position was not well founded in fact or law, as explained in the court's reversal and remand order. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) ("The standard is whether the Secretary's position is 'clearly reasonable, well founded in law *and fact*, solid though not necessarily correct.' ") (citation omitted).

The administrative law judge ("ALJ") erred in relying on the opinions of Drs. Pelc, Whittle and Soule in determining whether Mr. Colhoff's impairments met or equaled a medical listing.   The ALJ also erred in failing to appropriately develop the record on issues crucial to the determination of whether Mr. Colhoff was entitled to benefits.   Specifically, Dr. Pelc's opinions were neither based on the evidence as a whole nor were they based on all the evidence the ALJ must consider under the Social Security regulations.   The ALJ failed to consider all of Mr. Colhoff's potentially severe impairments—many of which were frequently noted throughout his medical records.   The government's continued assertion that the ALJ need only find one severe impairment before moving on to the next step of the five-step sequential evaluation process significantly undervalued, and potentially ignored, the cumulative effect of multiple severe impairments on Mr. Colhoff in later stages of the ALJ's evaluation of Mr. Colhoff's disability claim. See Docket 33 at pp. 6-7.

In determining whether Mr. Colhoff's pain and mental disorders satisfied the requirements for a medical listing, the ALJ failed to discuss and consider the diagnosis of Mr. Colhoff's treating doctor, Dr. Everson, and the professionals at Behavior Management Systems, in favor of relying entirely the assessment of

non-examining and non-treating doctors.   See Docket 28 at p. 14 ("[T]he ALJ

relied on Dr. Whittle's, Dr. Soule's and Dr. Pelc's assessments in determining

that Mr. Colhoff's impairments did not meet or equal a medical listing."); see also

Docket 15 at pp. 2, 16, 102 (describing the roles of Drs. Pelc, Whittle and Soule,

respectively).   The ALJ also failed to fully develop the record in Mr. Colhoff's

case, which the ALJ had a duty to do.   The ALJ summarily dismissed portions of

Dr. Everson's findings and notations in favor of the opinions of non-examining

physicians.   If a treating physician's opinions are inconsistent with or contrary

to other medical evidence, which the government asserts Dr. Everson's opinions

are, those opinions may be entitled to less weight.   (Docket 33 at p. 10) (citing

Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002)).   However,

Krogmeier does not stand for the proposition that an ALJ can simply dismiss a

treating physician's opinions without first engaging in an analysis explaining

why those opinions should be discounted or examining evidence supporting the

treating physician's ultimate opinion.

Because the government's position was not substantially justified, an

award of fees and expenses under the EAJA is proper.   The court next considers

whether the total amount requested by Mr. Colhoff is appropriate.

Mr. Colhoff requests an award of attorney's fees at the rate of $178.75 per

hour.   (Docket 31-1 at p. 2).   The EAJA sets a limit of $125 per hour for

attorney's fees.   28 U.S.C. § 2412(d)(2)(A).   However, a court may award a

higher hourly fee if "an increase in the cost of living or a special factor, such as

the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee."   Id.   The court finds the rate of $178.75 per hour

reasonable in light of the necessary adjustment for inflation and the training and experience of Ms. Ratliff in the practice of social security law.   The Commissioner does not request a reduction in the hourly rate of $178.75 for Ms. Ratliff's fees.   (Docket 33 at p. 12).   However, the Commissioner does object to the total number of hours billed by Ms. Ratliff.   Id. at pp. 10-12.   Ms. Ratliff expended 78.72 hours on Mr. Colhoff's case, but she voluntarily reduced her EAJA attorney's fees request to 66.9 hours.[3]   (Docket 31-2).   The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to 45 hours.   Id. at p. 45.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."   28 U.S.C. § 2412(d)(1)(C).   The court also must decide whether the hours spent by Ms. Ratliff representing Mr. Colhoff were "reasonably expended."   See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A).   The court acknowledges the administrative record in Mr. Colhoff's case was extensive.   However, after reviewing Ms. Ratliff's time and expense log (Docket 31-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

---

[3]Ms. Ratliff's request of attorney's fees for 66.9 hours of work is purportedly based on a 25-percent reduction of her total hours worked (78.72). (Docket 31-2 at p. 3).   However, a 25-percent reduction of 78.72 hours is 59.04 hours.   Because Mr. Colhoff's motion and attorney declaration clearly request attorney's fees for 66.9 hours, the court overlooks the mathematical discrepancy and interprets Mr. Colhoff's motion as requesting attorney's fees for 66.9 hours of work.   See Dockets 32 & 31-1 at p. 2.

Due to the manner in which Ms. Ratliff recorded her hours in her "Log of Attorney Time Expenses," (Docket 31-2), the court finds it most helpful to aggregate the hours into four discrete categories: time spent preparing the joint statement of material facts ("JSMF"); time spent preparing Mr. Colhoff's motion and supporting memorandum to reverse the decision of the Commissioner; time spent preparing a reply brief; and "miscellaneous" time spent working on Mr. Colhoff's case.

Ms. Ratliff spent approximately 31.72 hours preparing the JSMF in Mr. Colhoff's case.   This court requires attorneys in social security cases to submit a highly detailed JSMF.   (Docket 11 at p. 2).   Due to the level of detail the court requires of attorneys when submitting a JSMF, the court finds Ms. Ratliff reasonably expended 31.72 hours preparing the JSMF in Mr. Colhoff's case.   (Docket 15).

Ms. Ratliff spent approximately 35.32 hours preparing her motion and supporting memorandum to reverse the decision of the Commissioner in Mr. Colhoff's case.   The court finds 35.32 hours is excessive for preparing the initial motion and memorandum after 31.72 hours was already spent preparing the JSMF.   The court finds 20 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts of Mr. Colhoff's case.

Ms. Ratliff spent approximately 8.83 hours preparing and filing a reply brief in response to the government's response to her motion to reverse the decision of the Commissioner.   (Docket 27).   In Mr. Colhoff's case, the court finds Ms. Ratliff reasonably expended the 8.83 hours preparing her reply brief.

Ms. Ratliff miscellaneously expended approximately 2.85 hours working on Mr. Colhoff's case.   Included in Ms. Ratliff's "miscellaneous" time is 1.1 hours expended initially reviewing Mr. Colhoff's case and preparing his initial complaint, petition to proceed without prepayment of fees, summonses, and civil cover sheet; 0.25 hours expended preparing a motion to extend the court's briefing schedule deadlines; and 1.5 hours expended preparing the EAJA motion and supporting memorandum for attorney's fees.   (Docket 31-2).   The court finds Ms. Ratliff reasonably expended 2.85 hours working on Mr. Colhoff's case.

After reviewing Ms. Ratliff's "Log of Attorney Time Expenses," the court finds a total of 63.4 hours expended by Ms. Ratliff is reasonable and in line with the complexity of this case, for a total attorney's fee award of $11,332.75.   The Commissioner did not object to an award of 6-percent state and local sales tax on the attorney's fees, as an "expense," which in this case amounts to $679.97. (Docket 33 at pp. 2 & 12).

Based on the analysis above, it is hereby

ORDERED that plaintiff's motion (Docket 32) is granted in part and denied in part.   Plaintiff is awarded $12,012.72 comprised of $11,332.75 in attorney's fees and $679.97 in expenses representing 6-percent state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[4]

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice

---

[4]On January 28, 2013, the court authorized Mr. Colhoff to proceed on an *in forma pauperis* basis.   (Docket 5).   The court further ordered that "[a]ny recovery in this action by Mr. Colhoff shall be subject to the payment of costs and fees, including the $350 filing fee."   Id. at 1.

Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Brett O. Colhoff but delivered to plaintiff's attorney Catherine G. Ratliff, 13060 Eagle Court, Hot Springs, South Dakota 57747-7352.

Dated February 23, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE